**Carns v. Smith**

154

C.P. of Dauphin County, no. 3997 S 1997.

*David L. Lutz,* for Dawn Carns and Donald Carns, plaintiffs.
*Dennis Bonetti,* for Janet Smith, defendant.
*Richard Wix,* for Donald Carns, additional defendant.

HOOVER, *J.,* October 8, 1998—This matter is presently before the court on cross-motions for summary judgment. Argument was heard and the relevant facts and procedural history are summarized as follows:

This action arises out of an automobile accident which occurred on December 26, 1996. At the time of the accident, Mr. Carns was operating his 1995 Ford Bronco which was struck by a vehicle driven by defendant Janet Smith. Mrs. Carns was a passenger in her husband's vehicle at the time of the accident and suffered injuries. Mr. Carns' Bronco was insured under an automobile liability insurance policy which was issued to him by State Farm. Mr. Carns was the only named insured on this policy. Mr. Carns elected the full tort option with respect to his automobile insurance policy.

Mrs. Carns was insured under a separate automobile insurance policy issued to her by Erie Insurance Group. The vehicle insured under the Erie policy was Mrs. Carns' 1996 Chevrolet K1500. Mrs. Carns elected the limited tort option with respect to this insurance policy and she was the only named insured on this policy. The issue before the court is whether Mrs. Carns can recover any non-monetary damages she may have incurred under her husband's policy since she elected the limited tort option under *her* automobile insurance policy.

The resolution of this question hinges on this court's interpretation of 75 Pa.C.S. §1705(b)(2) which reads as follows:

"The tort option elected by a named insured shall apply to all insureds under the private passenger motor vehicle policy who are not named insureds under another private passenger motor vehicle policy. In the case where more than one private passenger motor vehicle policy is applicable to an insured and the policies have conflicting tort options, the insured is bound by the tort option of the policy associated with the private passenger motor vehicle in which the insured is an occupant at the time of the accident if he is an insured on that policy and bound by the full tort option otherwise."

We are guided by the Superior Court's decision in *Berger v. Rinaldi,* 438 Pa. Super. 78, 651 A.2d 553 (1994). In *Berger,* the plaintiff was driving a car owned by his mother. This car was covered by a policy of insurance issued to his mother and this policy carried the full tort option. The plaintiff was involved in an automobile accident and sought coverage for noneconomic losses under his mother's policy. At the time

of the accident, the plaintiff was a resident in his mother's household. At the time of the accident, the plaintiff was the registered owner of another car but this car was uninsured. His mother's insurance company refused to pay him noneconomic losses since he failed to carry insurance on his vehicle and was deemed to have chosen the limited tort option. The trial court determined that the insurance company properly denied the plaintiff's request for noneconomic benefits since 75 Pa.C.S. §1705(a)(5) states that the owner of a currently registered private passenger motor vehicle who does not have financial responsibility shall be deemed to have chosen the limited tort alternative. The Superior Court reversed the trial court's decision. The Superior Court researched the legislative history of the MVFRL and determined that section 1705(a)(5) was not intended to apply to situations where the claimant was not operating his uninsured vehicle at the time of the accident. The court then turned its attention to section 1705(b)(2) which is quoted above. The Superior Court determined that the trial court incorrectly reasoned that this section only concerned the situation when two policies of insurance were applicable and there were conflicting tort options. The Superior Court determined that section 1705(b)(2) describes two mutually exclusive scenarios. The first sentence applies when only one insurance policy is involved and the second sentence applies when two insurance policies which contain conflicting tort options are applicable. Since the plaintiff was an insured under his mother's policy, the court concluded that he could take advantage of the tort option selected and paid for by his mother and he was entitled to recover noneconomic benefits. The court concluded that the

legislative history reflected an intent to rule in favor of the full tort alternative whenever there exists a question about which coverage is applicable to a given situation.

We are mindful that our present situation is slightly different in that we have two policies of insurance involved in this case. The limited tort option was selected by Mrs. Carns and she certainly benefited from the lower insurance premiums associated with her policy. The full tort option was selected by her husband, Mr. Carns, and he, without a doubt, paid the price for this added coverage. Mrs. Carns was a passenger in her husband's vehicle at the time of the accident. No one takes issue with the fact that she, as a spouse, was an insured under her husband's policy. The defendant contends that she should be bound by her choice of limited tort even though her vehicle was not in any way involved in the accident. This position seems to ignore the plain language of section 1705(b)(2) which in the second sentence, addresses what happens when two policies of insurance are or could be applicable. The statute states that the insured is bound by the tort option of the policy associated with the vehicle that was involved in the accident.

Therefore, the full tort election of Mr. Carns' policy would apply to Mrs. Carns. This conclusion makes sense for two reasons: First, Mr. Carns paid the added premium for the full tort election. Therefore, any occupant of his vehicle who is an insured under this policy should benefit from the coverage that he purchased. Second, in light of the court's decision in *Berger,* it would not make sense that an uninsured motorist who is driving an insured vehicle whose owner selected and paid for the full tort option should benefit from the named insured's selection while a motorist who has insurance

with the limited tort option but is a passenger in another's car cannot take advantage of the owner's full tort selection when they are certainly an insured under that vehicle's policy. Furthermore, we are impressed with the legislative history of the MVFRL as stated in *Berger* that in every instance where there is a question about which coverage is applicable, there should be a ruling in favor of the full tort alternative. *Id.* at 86-87, 651 A.2d at 557.

Accordingly, we enter the following:

### ORDER

And now, October 8, 1998, the motion for summary judgment filed on behalf of Janet Smith is hereby denied. The motion for summary judgment filed on behalf of Dawn Carns is hereby granted.